UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CHUKWUMA E. AZUBUKO,

        Plaintiff,

vs.                           Case No.  3:04-cv-1252-J-32MCR

JUDGE RICHARD STORY, etc.,

        Defendant.

_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Plaintiff's *pro se* Complaint (Doc. No. 1) and

Application to Proceed Without Prepayment of Fees and Affidavit (Doc. No. 2), which

the Court construes as a motion for leave to proceed *in forma pauperis* pursuant to 28

U.S.C. §1915(a)(1).[2]  For the reasons set forth below, the undersigned recommends

the instant motion be denied and the Complaint be dismissed.

The Court may, upon a finding of indigency, authorize the commencement of an

action without requiring the prepayment of costs, fees, or security.  28 U.S.C.

§1915(a)(1).  However, when an application to proceed *in forma pauperis* is filed, the

Court is obligated to review the case and to dismiss it if the Court determines the action

---

[1] Any party may file and serve specific, written objections hereto with TEN (10) DAYS after service of this Report and Recommendation.  Failure to do so shall bar the party from a de novo determination by a district judge of an issue covered herein and from attacking factual findings on appeal.  See 28 U.S.C. §636(b)(1); Fed.R.Civ.P. 72(a), 6(a) and (e); Local Rules 6.02(a) and 4.20, United States District Court for the Middle District of Florida.

[2] Plaintiff resides in the Commonwealth of Massachusetts, the lawsuit is against Judge Richard W. Story of the United States District Court for the Northern District of Georgia, and while it is unclear where the alleged offensive conduct occurred, it is clear that the conduct did not occur in this jurisdiction.  See Doc. No. 2.

is frivolous or malicious; if it fails to state a claim upon which relief may be granted; or if the complaint seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2). An *in forma pauperis* complaint is considered frivolous if the Court determines the factual allegations are "clearly baseless" or the legal theories are "indisputably meritless." Neitzke v. Williams, 490 U.S. 319, 327, 109 S.Ct. 1827 (1989)

In reviewing the Complaint, the undersigned applied "the liberal construction to which *pro se* pleadings are entitled." Holsomback v. White, 133 F.3d 1382, 1386 (11th Cir. 1998). Liberal construction however cannot serve as a substitute for establishing a cause of action. See GJR Investments, Inc. v. County of Escambia Florida, 132 F.3d 1359. 1369 (11th Cir. 1998).

In his Application to Proceed Without Prepayment of Fees and Affidavit (Doc. No. 2), Plaintiff submits he earns at least $10,400 annually as a substitute teacher and approximately $1,200 as proceeds from operating a transportation service. Plaintiff further submits he has a total of $70 in two banking accounts. Plaintiff, however, fails to provide an assessment of financial obligations which would preclude his ability to pay the requisite filing fee. Accordingly, the Court is satisfied that Plaintiff is capable of paying the filing fee in the instant matter and therefore recommends the motion for leave to proceed *in forma pauperis*, filed pursuant to 28 U.S.C. §1915(a)(1), be denied.

Additionally, even if the Court were to find that Plaintiff's financial means were insufficient to pay the filing fee, dismissal of his Complaint is compelled under 28 U.S.C. § 1915(e)(2). While the incoherent factual allegations set forth in the Complaint ramble

to the extent of being nearly unintelligible, it appears Plaintiff seeks redress for dismissal of a complaint he filed with the United States District Court for the Northern District of Georgia, Atlanta Division.[3]

There, Plaintiff asserted claims of negligence, negligent and intentional infliction of emotional distress, misrepresentation, breach of contract, and violation of due process based upon his allegations that the University of Northumbria at Newcastle ("University") improperly gave him failing grades during his enrollment in a distance learning program. As relief, Plaintiff sought a change of his grades, an award of an L.L.M degree, payment of money he is allegedly owed and thirty million dollars in damages. In a decision rendered on September 4, 2003, Judge Story granted the University's motion to dismiss holding the Court lacked subject matter jurisdiction over the case because the University was immune from suit pursuant to the Foreign Sovereign Immunities Act.[4] Unable to curtail his zeal in pursuing the matter, Plaintiff subsequently filed two motions for reconsideration, along with a motion to disqualify Judge Story. Ultimately, Judge Story issued an order barring Plaintiff from making any further filings in the case absent leave from the Court.[5]

Here, although Plaintiff is seemingly displeased with the resolution of his claims against the University, he provides no indication, whatsoever, as to how dismissal of the case results in any legally cognizable claim against Judge Story. Therefore, while the

---

[3] See Chukwuma E. Azubuko v. University of Northumbria at Newcastle, Civil Action No. 1:02-cv-3121-RWS.

[4] 28 U.S.C. § 1602 et seq.

[5] Id., Order dated July 26, 2004.

instant Complaint is flawed for several obvious reasons, the Court finds it frivolous

pursuant to 28 U.S.C. §1915(e)(2).

Having determined Plaintiff's claims in the instant matter are frivolous and noting

Plaintiff has previously brought two similarly frivolous claims before this Court,[6] the

Court further recommends Plaintiff be admonished that, though he may be a *pro se*

plaintiff who is otherwise granted some latitude in litigation before this Court, he is

nonetheless subject to the provisions of Rule 11 of the Federal Rules of Civil

Procedure.  Rule 11 provides in pertinent part:

> By presenting to the court . . . a pleading, written motion, or other paper, an . . . unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,–
>
> > (1)  it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
> >
> > (2)  the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law; . . .

Fed. R. Civ. P. 11(b).  If, after reasonable notice and an opportunity to respond, the

Court determines a party has violated one of the prohibitions of Rule 11, the Court is

authorized to impose an appropriate sanction upon the party in violation.  See

---

[6]See Azubuko v. Hyde Park Police Station-City of Boston, 3:04cv496-J-99MCR and Azubuko v. Framingham State College, et al., 3:04-cv-580-J-32MCR.

Fed. R. Civ. P. 11(c). Such sanctions may take the form of monetary fines or non-monetary directives.[7] See Fed.R.Civ.P. 11(c)(2)(A)-(B).

The instant Complaint (Doc. No. 1) is an example of a frivolous filing prohibited by Rule 11. Accordingly, Plaintiff is well-advised to familiarize himself with Rule 11 and to ensure when appearing before this Court in **any** matter in the future, he comports himself appropriately.

**RECOMMENDED**:

1. Plaintiffs' Motion for Leave to Proceed *In Forma Pauperis* (Doc. No. 2) be **DENIED**.

2. Plaintiff's Complaint (Doc. No. 1) be **DISMISSED**.


**DONE AND ORDERED** in Chambers in Jacksonville, Florida this ___ day of April, 2005.

**MONTE C. RICHARDSON**
United States Magistrate Judge

Copies to:

Plaintiff, *pro se*

---

[7] Such non-monetary directives may include an order of the Court barring the offending party from asserting particular claims or defenses.